UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JACKIE BARNES,

         Plaintiff,

v.

UMDNJ,

         Defendant.

**CLOSED**

Civil Action No.: 11-3494 (PGS)

**MEMORANDUM & ORDER**

    Whereas *pro se* Plaintiff Jackie Barnes ("Plaintiff") filed an application to proceed *in forma pauperis* on June 16, 2011; and

    Whereas Federal Rule of Civil Procedure 8 sets forth the following general rules for pleading:

> **(a)**   **Claim for Relief.** A pleading that states a claim for relief must contain:
>
> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief;

Fed. R. Civ. P. 8(a)(1)-(3); and

    Whereas it appears that Plaintiff is requesting equitable and other relief under 42 U.S.C. § 2000e-5(g) and alleges that she endured, "workplace harassment, wrongful discharge, retaliation,

1

discrimination of disabilities"; and

Whereas Plaintiff's Complaint does not contain a short and plain statement of facts showing that Plaintiff is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), nor any factual allegations that would meet the sufficiency requirement of Rule 8, even construing her allegations liberally, *see Taylor v. Wee Health Care Serv.*, No. 09-4034, 2010 U.S. Dist. LEXIS 26020, at *2 (D.N.J. Mar. 19, 2010); and

Whereas generally, "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)); and

Whereas Plaintiff received notice from the EEOC on March 8, 2011 that her Complaint was denied; and that if she wished to commence her cause of action, she must do so within 90 days of receipt of said notice. Notwithstanding the notice, Plaintiff filed her Complaint late (June 16, 2011). *See* 42 U.S.C. § 2000e-5(f)(1); and

Whereas amending a complaint would be futile in this instance because the 90-day period for filing the court action had expired and there is no equitable basis alleged to justify an extension. *See* Fed. R. Civ. P. 6(b)(1)(A)-(B); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) ("We have strictly construed the 90-day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." citing *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d. Cir. 1999)). *Hart v. J.T. Baker Chem. Co.*, 598 F.2d 829, 832 (3d Cir. 1979).

IT IS on this 18th day of July 2011, **ORDERED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* is granted.

2. The Clerk is directed to file the complaint.

3. Plaintiff's Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a)(2) for failure to meet the general rules of pleading.

4. The Clerk of the Court is directed to close this matter.

                                                  PETER G. SHERIDAN, U.S.D.J.

July 18, 2011